Jose Angel VASQUEZ, et al., Petitioners,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 98–1949.**

United States Court of Appeals, First Circuit.

Heard April 9, 1999.

Decided May 24, 1999.

Robert M. Warren for petitioner.

Joseph F. Ciolino, with whom Richard M. Evans, Assistant Director, and Frank W. Hunger, Assistant Attorney General, Department of Justice were on brief for respondent.

Before STAHL, Circuit Judge, BOWNES, Senior Circuit Judge, and LIPEZ, Circuit Judge.

PER CURIAM.

Petitioners José Angel Vásquez ("Vásquez") and his wife Sarah Elizabeth Vásquez petition for a review of a final order issued by the Board of Immigration Appeals ("Board") affirming an Immigration Judge's ("IJ") denial of their application for political asylum and withholding of deportation. The Board concluded that they had failed to demonstrate a well-founded fear of persecution on any of the statutorily enumerated grounds: race, religion, nationality, membership in a particular social group or political opinion. *See* 8 U.S.C. § 1101(a)(42)(A); *Civil v. I.N.S.*, 140 F.3d 52, 55 (1st Cir.1998). Because the petitioners failed to meet the less onerous "well-founded fear" standard for political asylum, the Board concluded that the petitioners could not meet the more rigorous standard required for a withholding of deportation. The Board did allow voluntary departure, however. Petitioners now appeal to this Court. As the Board's conclusion is supported by substantial evidence, we affirm.

Vásquez was a taxi driver in El Salvador who had the misfortune to unwittingly become a witness to the events leading to the assassination of a lawyer for the Third Brigade Army in El Salvador. In October of 1990, Vásquez was hailed by three men dressed in civilian clothes, who, unbeknownst to him, were members of the Farabundo Martí National Liberation Front ("FMLN"). The three men ("the guerrillas") instructed him to make various stops, picking up and discharging passengers. Ultimately, Vásquez brought them to a building called the "Juzgados"[1], where Vásquez heard machine gun shots. The guerrillas returned to the taxi and ordered Vásquez to drive them from the scene.

Vásquez did not report this incident to the police, having been threatened with harm by the guerrillas if he did not maintain silence. The next day, the police brought him in for questioning, initially believing that Vásquez was an accomplice to the crime. He was interrogated for two days, until he assisted the police by driving them to the house where he dropped off the three men. Notwithstanding his cooperation, he was committed to prison for a year and a half until he was acquitted of the offense.

Although two of the three guerrillas involved in the shooting were ultimately convicted of the crime and imprisoned, the third man remains free. Since he was acquitted, Vásquez claims that he has been threatened by the third guerrilla on a number of occasions and that his wife was assaulted by a group of guerrillas on one occasion.

On the basis of these facts, petitioners contend that the Board erred in concluding that Vásquez did not have a well-founded fear of persecution on the basis of an imputed political opinion.[2] Specifically, they argue that the guerrillas believed, incorrectly, that Vásquez cooperated with the police investigation because of his opposition to their political position. Their persecution of him, petitioners argue, stems from their mistaken belief that he holds a political opinion in opposition to their movement. The Board rejected this position, instead concluding that any "persecution" committed at the hands of the guerrillas was not related to a political opinion imputed to Vásquez but instead was the unfortunate result of his witnessing events leading to a high profile assassination.

We review the Board's findings directly, mindful that "in contemplation of law [the findings of the IJ] have become the [Board's]." *Aguilar–Solís v. I.N.S.,* 168 F.3d 565, 570 n. 4 (1st Cir.1999). We review a Board decision to deny an application for asylum deferentially. We will affirm if the Board's conclusion is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Civil,* 140 F.3d at 54 (quoting *Gebremichael v. I.N.S.,* 10 F.3d 28, 34 (1st Cir.1993)). We will only reverse where the evidence is so compelling that no reasonable fact finder could fail to find the requisite fear of persecution. *See I.N.S v. Elías–Zacarías,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

"As a prerequisite to asylum eligibility, an alien bears the burden of establishing that he is a refugee." *Aguilar–Solís,* 168 F.3d at 569. A refugee is someone who has been persecuted or has a well-founded fear of persecution on the basis of one of the five statutorily enumerated grounds. *See Civil,* 140 F.3d at 55; *Ravindran v. I.N.S.,* 976 F.2d 754, 758 (1st Cir.1992). The petitioner must establish "both a genuine subjective fear and an objectively reasonable fear of persecution

1. This word was translated as the "Courts."

2. Sarah Elizabeth Vásquez's application for asylum was included within Vásquez's application. Her claim was apparently based on her husband's experiences.

on a protected ground." *Civil*, 140 F.3d at 55.

 Petitioners are correct that "[a]n imputed political opinion, whether correctly or incorrectly attributed, may constitute a reason for political persecution within the meaning of the Act." *Ravindran*, 976 F.2d at 760. The evidence in the record, however, does not compel the conclusion that the guerrillas imputed to Vásquez a pro-government, anti-guerrilla political opinion. In fact, the evidence suggests that the guerrillas threatened Vásquez because he witnessed events leading to a murder. None of the alleged acts of discrimination suggest a political motivation. Although the alleged incidents do reveal an intent to potentially intimidate and harass, there is no suggestion that the guerrillas' acts flowed from a belief that Vásquez was acting out of a political animus against them. As explained by the IJ, it "may well be that the [third guerrilla is] interested in silencing the respondent because he has information that could put this individual in prison for murder[.]" This conclusion is supported by reasonable and substantial evidence, *see Civil*, 140 F.3d at 54, and we cannot say that the evidence was so compelling that any reasonable fact finder could only conclude that Vásquez's persecution was because of an imputed political opinion in opposition to the FMLN. *See Elías–Zacarías*, 502 U.S. at 483–84, 112 S.Ct. 812.

*Affirmed.*