**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 09-1635

WILMER PEREZ-VALENZUELA,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

Before

Lipez, Circuit Judge,

Souter, Associate Justice,[*] and Selya, Circuit Judge.

Stephen M. Born and Mills and Born were on brief for petitioner.

Kerry A. Monaco, Trial Attorney, Office of Immigration Litigation, Tony West, Assistant Attorney General, Civil Division, and James E. Grimes, Senior Litigation Counsel, Office of Immigration Litigation, were on brief for respondent.

February 3, 2010

---

[*]The Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SOUTER, Associate Justice**.   Wilmer Perez-Valenzuela entered the United States illegally and has been ordered removed to his country of citizenship, Guatemala.  He petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's decision to deny his request for withholding of removal and denying his motion before the BIA to remand to the immigration judge for presentation of further evidence.  We deny the petition for review.

The immigration judge found Perez-Valenzuela's testimony credible, to the effect that he came to the United States to escape the anarchic conditions in Guatemala, which tolerated gangs of thugs threatening death to extort protection payments from individuals known to have money or means of getting it.  From a time before he entered this country, a number of Perez-Valenzuela's relatives have been known to be working in the United States, with the result that his own Guatemalan family members have been threatened this way.

The judge denied Perez-Valenzuela's application for asylum as a matter of law, finding its untimeliness unexcused by either changed or extraordinary circumstances, and also denied his application for withholding of removal.  The BIA affirmed, specifically agreeing with the immigration judge that Perez-Valenzuela had failed to show that he was targeted on account of a protected ground for withholding of removal.  The BIA further

-2-

denied Perez-Valenzuela's motion to remand for further proceedings before the judge. Perez-Valenzuela had offered evidence that, after the judge's decision, a cousin of his in Guatemala was kidnaped and held for "ransom of $7,000," an event he reasonably takes as evidence that he will himself be preyed upon if repatriated. The BIA reasoned that this evidence did not address a recognized ground of eligibility for the underlying relief sought.

Perez-Valenzuela petitions for review of both aspects of the BIA's order. He argues that the facts established by his testimony are sufficient to demonstrate eligibility for withholding of removal on the ground of probable persecution based both on political opinion, which he describes as opposition to gangs and their practices, and on membership in a particular social group, which he identifies as "Guatemalan m[e]n . . . perceived by gang members to have disposable money available." See 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b). Perez-Valenzuela further argues that his new evidence, if received, would also show "changed circumstances" justifying consideration of an otherwise untimely request for asylum. 8 U.S.C. § 1158(a)(2)(D).

Precedent in this circuit entails a short answer on all issues. Oppression based on greed amounting to "economic terrorism" is "not the functional equivalent of a statutorily protected ground [for withholding of removal], and hostile

-3-

treatment based on economic considerations is not persecution." López-Castro v. Holder, 577 F.3d 49, 54 (1st Cir. 2009); see also Lopez de Hincapie v. Gonzales, 494 F.3d 213, 219-20 (1st Cir. 2007) (upholding the BIA's determination that threats of extortion were not made on account of a statutorily protected ground for asylum). The petitioner himself has described the gangs in question as driven by money, a characterization that confirms the pertinence of López-Castro and also makes clear that he has no independent claim of probable persecution on political grounds, an alternative basis for withholding of removal.

Given this rule, enforced by the BIA and accepted as good law in this circuit, Perez-Valenzuela's argument that the BIA is improperly requiring that a qualifying persecuted group be "visible" within society goes to a detail that could not affect resolution of this case. Neither is there any need to decide whether Perez-Valenzuela's challenge to the BIA's denial of his motion to remand presents a question of law within the court's limited jurisdiction over pretermitted asylum claims. See 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). The petition for review is **denied**.