09-2914-ag
Lushaj v. Holder

BIA
Sichel, IJ
A097 966 139

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of June, two thousand ten.

PRESENT:

>JON O. NEWMAN,
>ROBERT A. KATZMANN,
>PETER W. HALL,
>    *Circuit Judges*.

_____

LINDITA LUSHAJ,
>    *Petitioner*,

>    v.                                          09-2914-ag
>                                                      NAC

ERIC H. HOLDER, JR., ATTORNEY GENERAL,
>    *Respondent*.

_____

FOR PETITIONER:        Howard Baker, New York, New York.

FOR RESPONDENT:        Tony West, Asst. Atty. General, Luis E. Perez, Senior Litigation Counsel, Elizabeth D. Kurlan, Trial Atty., Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Lindita Lushaj, a native and citizen of Albania, seeks review of a June 12, 2009, order of the BIA, reversing the April 25, 2007, decision of Immigration Judge ("IJ") Helen Sichel, which had granted her application for asylum. *In re Lindita Lushaj*, No. A097 966 139 (B.I.A. June 12, 2009), *rev'g* No. A097 966 139 (Immig. Ct. N.Y. City Apr. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, with respect to her claim of persecution on account of membership in a recognized social group, we decline to consider Lushaj's unexhausted arguments that she is a member of a particular social group composed of: (1) "young women in Albania"; (2) "women who were previously targeted for sex-trafficking by members of the Haklaj gang and

who managed to escape and avoid capture"; and (3) "teenage or young adult females from families well-known in the town of Tropoje to have been pro-Democratic Party sympathizers and to have been anti-communist and anti-Socialist Party opponents." *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).[1]  Rather, we confine our review to the legal theory Lushaj advanced before the BIA; namely, that: (1) the IJ did not err in finding that she was a member of the particular social group of women whom "members of the Haklaj gang wished to kidnap . . . and force . . . into prostitution, at least in part to punish [their] family members for their political activities in Albania"; and (2) she had a well-founded fear of future persecution based on an imputed political opinion.

The BIA concluded that the IJ erred when she found Lushaj to be a member of a particular social group.  In the BIA's view, the IJ's definition of Lushaj's purported social group was "circular" because it was based exclusively on the persecution that its members suffered or feared.  *See Ucelo-*

---

[1]Before the BIA, Lushaj argued that she belonged to a group comprised of "teenage or young adult desirable females from families well-known in the town of Tropoje to have been pro-Democratic Party sympathizers and to have been anti-communist and anti-Socialist Party opponents."  Lushaj concedes that the BIA properly found the term "desirable" is not sufficiently particular or well-defined. *See Ucelo-Gomez v. Gonzales*, 509 F.3d 70, 73 (2d Cir. 2007).

*Gomez*, 509 F.3d at 73 (*citing Matter of A-M-E- & J-G-U-*, 24 I. & N. Dec. 69, 74 (B.I.A. 2007) (holding that a social group cannot be defined exclusively by the fact that its members have been subjected to harm.)). This view may well be reasonable, and appears to be acknowledged by the petitioner, at least with respect to her claim of past persecution. *See* Brief for Petitioner at 18, 34. But it is also reasonable to think that the BIA was somewhat misinterpreting the IJ's point, which may have been that Lushaj was a member of a group of women identified by the political views of their families, and that, as a member of this "group," she had become a potential target of the Haklaj gang. Even on this interpretation, however, the "group" would not qualify as a social group within the meaning of 8 U.S.C. § 1101(a)(42(A) in the absence of any evidence that such a "group" was perceived as a discrete group by Albanian society. *See Matter of S-E-G-*, 24 I. & N. Dec. 579, 586-87 (B.I.A. 2008).

The BIA also properly found that Lushaj failed to demonstrate that any harm she suffered or feared was on account of an imputed political opinion. Indeed, Lushaj failed to support her claim with evidence indicating that the Haklaj gang targeted her for any reason other than pecuniary gain. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d

-4-

Cir. 1999) ("[g]eneral violence in El Salvador does not constitute persecution, nor can it form a basis for petitioner's well-founded fear of persecution"); *see also Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (holding that, absent solid support in the record, his fear was "speculative at best"). Accordingly, substantial evidence supports the agency's conclusion that Lushaj failed to demonstrate the requisite nexus to a protected ground. 8 U.S.C. § 1252(b)(4)(B).

Because the BIA reasonably found that Lushaj failed to establish that any harm she suffered or feared bore a nexus to a protected ground, it reasonably denied her application for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Thus, we need not definitively adjudicate Lushaj's argument that she otherwise established past persecution or a well-founded fear of future persecution, although the BIA appears to have reasonably concluded that her fears relate to a private gang motivated by pecuniary gain, rather than to apprehended action by the Albanian government. Furthermore, the BIA reasonably denied Lushaj's claim for relief under the Convention Against Torture because she failed to provide any particularized evidence indicating that she

more likely than not would be tortured if she returned to Albania. *See Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk