# United States Court of Appeals
## For the First Circuit

No. 11-1084

JUAN ANTONIO GARCIA-CALLEJAS,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER

OF THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Lipez and Howard,

Circuit Judges.

Robert M. Warren on brief for petitioner.
Anthony P. Nicastro, Senior Litigation Counsel, Tony West, Assistant Attorney General, Civil Division, and Dana M. Camilleri, Office of Immigration Litigation, Civil Division, Department of Justice, on brief for respondent.

January 24, 2012

**Per Curiam**.  Juan Antonio Garcia-Callejas, a native and citizen of El Salvador, challenges a 2009 decision by the Board of Immigration Appeals ("the Board") denying his application for withholding of removal.  Garcia-Callejas was born in El Salvador and entered the United States illegally on or about May 9, 2006.  The Department of Homeland Security brought removal proceedings. 8 U.S.C. § 1182(a)(6)(A)(i) (2006).  Garcia-Callejas conceded removability and filed an application for withholding of removal and Convention Against Torture ("CAT") protection.[1]  See 8 C.F.R. §§ 1208.16-18 (2011).

At the hearing before an immigration judge ("IJ") Garcia-Callejas' central claim was that he would be harmed by criminal gangs, prevalent in El Salvador, whose attempts to recruit him he had resisted before he left for the United States.  He also asserted that the gangs would perceive him as wealthy because of his time in the United States and therefore subject him to further threats and violence.  The IJ held that his fear was genuine, but that there was neither a sufficient likelihood of harm nor was the feared harm directed at a statutorily protected social group.  The Board affirmed on the latter ground without reaching the former.

---

[1]In this court, Garcia-Callejas has not developed his CAT relief claim, which was rejected by the immigration judge and the Board.  Accordingly, we treat the issue as waived.  See Lopez Perez v. Holder, 587 F.3d 456, 463 (1st Cir. 2009).

As Garcia-Callejas frames his claim, he must establish that his "life or freedom would be threatened . . . because of [his] . . . membership in a particular social group." 8 U.S.C. § 1231(b)(3)(A). Here, the category to which Garcia-Callejas seeks to assign himself, whether as target of gang recruitment or a returnee perceived as wealthy, does not constitute a "social group" under the Board's precedents, which have several times been affirmed by this court. This is so regardless of the degree of threat (or lack of it) and the government's responsibility (or lack of it) for the alleged threat.

The Board and the courts have grappled regularly with the meaning and application of the "social group" concept as used in the statute; the "social group" concept, like companion categories in the statute not here in issue ("race, religion, nationality . . . or political opinion," 8 U.S.C. § 1231(b)(3)(A)), aims to identify those whom the statute is designed centrally to protect. There are criteria, but they are inherently rather general. E.g. Scatambuli v. Holder, 558 F.3d 53, 58-60 (1st Cir. 2009).[2]

---

[2]In Scatambuli, we identified four factors used by the Board to determine whether a claimed group constitutes a legally cognizable social group: (1) immutability; (2) social visibility; (3) sufficient particularity; and (4) that the group not be defined exclusively by the fact that its members have been targeted for persecution.

Accordingly, guidance is most easily obtained from their application in particular cases where such precedents exist. And here our own decisions are directly in point. We have previously rejected the proposed social group of "young women recruited by gang members who resist such recruitment" in El Salvador. Mendez-Barrera v. Holder, 602 F.3d 21, 27 (1st Cir. 2010); see also Larios v. Holder, 608 F.3d 105, 108-09 (1st Cir. 2010) ("young Guatemalan men recruited by gang members who resist such recruitment"); Díaz Ruano v. Holder, 420 F. App'x 19, 21-22 (1st Cir. 2011) (unpublished opinion) ("young male[s] sought out for information and recruitment by the criminal gang of Guatemala").

We have also rejected social groups based solely on perceived wealth, even if signaling an increased vulnerability to crime. Sicaju-Diaz v. Holder, 663 F.3d 1, 4 (1st Cir. 2011); see also Perez-Valenzuela v. Holder, 363 F. App'x 759, 760 (1st Cir. 2010) (unpublished opinion) ("Guatemalan m[e]n . . . perceived by gang members to have disposable money available"); López-Castro v. Holder, 577 F.3d 49, 54 (1st Cir. 2009) ("hostile treatment based on economic considerations").

These decisions, in turn, are consistent with established Board precedent, In re E-A-G-, 24 I. & N. Dec. 591 (BIA 2008); In re S-E-G-, 24 I. & N. Dec. 579 (BIA 2008); In re A-M-E- & J-G-U-, 24 I. & N. Dec. 69 (BIA 2007), and the Board is entitled to deference on its reasonable interpretations of ambiguous statutory

-4-

language, such as that in issue here. Scatambuli, 558 F.3d at 58; see also Sicaju-Diaz, 663 F.3d at 4 (citing INS v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999)).

On this appeal, Garcia-Callejas has (impermissibly) adjusted, although modestly, the definition of his proposed social group, describing it as including "a person disfigured in the United States who would be subject to persecution because of the community's perception that he has wealth due to his personal injury settlement and persecution young male with information they want and for recruitment [sic]." The reference to a perceived settlement adds little, and the references to both the settlement and "information" are neither explained nor obviously relevant.

There is no point repeating a full analysis of the group in each successive case where the underlying issue is materially identical to several already decided in this circuit. If there is supervening authority from the Supreme Court or other reason for this court en banc to alter its prior precedent, these arguments ought to be presented; but mere repetition of positions already rejected serves no purpose and warrants per curiam treatment.

The petition for review is **denied**.