**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 11-1224

JOSE OVIDIO DIAZ RUANO,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

---

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

---

Before

Lynch, <u>Chief Judge</u>,
Boudin and Lipez, <u>Circuit Judges</u>.

---

<u>Robert M. Warren</u> on brief for petitioner.
<u>Anthony P. Nicastro</u>, Senior Litigation Counsel, Civil Division, Department of Justice, <u>Tony West</u>, Assistant Attorney General, Civil Division, and <u>Ernesto H. Molina, Jr.</u>, Assistant Director, on brief for respondent.

---

February 3, 2012

---

**LYNCH**, **Chief Judge**.  Jose Ovidio Diaz Ruano petitions for review of a January 31, 2011, decision by the Board of Immigration Appeals (BIA), which affirmed the decision of an Immigration Judge (IJ) denying his application for withholding of removal and protection from removal under the Convention Against Torture (CAT).

Diaz Ruano is a native and citizen of Guatemala who unlawfully entered the United States in April 1999.  On June 9, 2006, the Department of Homeland Security started removal proceedings by filing a Notice to Appear with the immigration court, charging Diaz Ruano with removability as an alien present in the United States without being admitted or paroled.  See 8 U.S.C. § 1182(a)(6)(A)(i).  Diaz Ruano admitted the factual allegations in the Notice to Appear, conceded removability, and requested relief from removal in the form of withholding of removal and protection under the CAT.  In the alternative, Diaz Ruano requested voluntary departure.

Diaz Ruano's merits hearing was held before the IJ on October 30, 2008.  Diaz Ruano testified that in 1998 when he was still in Guatemala, members of a gang threatened him and attempted to beat him up.  He did not know or recognize the gang members and did not know why they threatened to beat him.  He did not go to the police because he did not believe the police would do anything to help him.  This was Diaz Ruano's only encounter with the gangs. Neither Diaz Ruano's family nor his friends had been harassed by

the gangs, but he testified that "[f]riends of [his] friends" had been harassed. He also testified that his family, which is still in Guatemala, told him that gang members had accosted the driver of a van and asked him for money, then killed him when he refused.

Diaz Ruano testified that he feared returning to Guatemala because the gangs would think that he would have money on him and would ask him for it and threaten to kidnap a family member if he did not give them the money, or they would ask him to join them. When questioned by the IJ as to whether he feared torture if he went back to Guatemala, Diaz Ruano stated that he did not know.

The IJ found that Diaz Ruano's testimony was credible. The IJ also found that Diaz Ruano had not met his burden of showing that it was more likely than not that he would be subjected to persecution on account of his membership in any of the three purported social groups he asserted: young men targeted for recruitment by the criminal gangs in Guatemala; individuals opposed to the criminal gangs in Guatemala; and persons of perceived wealth returning from the United States.

The IJ concluded that none of the social groups asserted by Diaz Ruano have the particular characteristics of a social group as defined by the statutes, regulations, and case law and denied his application for withholding of removal. The IJ also found that Diaz Ruano had not met his burden of showing that there is a clear probability that he would be subjected to torture by any group if

he was returned to Guatemala, and so rejected his claim for protection under the CAT. The IJ granted Diaz Ruano voluntary departure.

Diaz Ruano appealed the IJ's decision, and the BIA, finding no error, dismissed the appeal. The BIA agreed with the IJ that the social groups Diaz Ruano identified lack the visibility and particularity required for a recognized social group. The BIA also explained that Diaz Ruano had not established past persecution or a clear probability of persecution if he was returned to Guatemala. Finally, the BIA concluded that Diaz Ruano had not demonstrated that it was likely that he would be tortured by, or with the acquiescence of, the Guatemalan authorities; so he was not eligible for relief under the CAT.

On March 2, 2011, Diaz Ruano petitioned this court for review of the BIA's decision and unsuccessfully moved to stay removal.

We review both the BIA's and the IJ's opinions when, as here, the BIA adopts and affirms part of the IJ's ruling and further justifies the IJ's conclusions. Nako v. Holder, 611 F.3d 45, 48 (1st Cir. 2010).

We decide petitions for review based on the administrative record that is the basis of the agency's findings, 8 U.S.C. § 1252(b)(4)(A), and the "the administrative findings of fact are conclusive unless any reasonable adjudicator would be

compelled to conclude to the contrary," id. § 1252(b)(4)(B). We accept the agency's findings of fact "that are supported by substantial evidence on the record as a whole." Morgan v. Holder, 634 F.3d 53, 57 (1st Cir. 2011). The agency's conclusions of law we review de novo, "but with some deference to the agency's founded interpretation of statutes and regulations that it administers." McKenzie-Francisco v. Holder, 662 F.3d 584, 586 (1st Cir. 2011).

Withholding of removal protects an otherwise removable alien from removal to a country where the alien's "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The BIA has described the term "particular social group" as a group of persons sharing a common, immutable characteristic that makes the group socially visible and sufficiently particular, In re C-A-, 23 I. & N. Dec. 951, 959-60 (B.I.A. 2006); see also Faye v. Holder, 580 F.3d 37, 41 (1st Cir. 2009), a delineation that we have upheld as reasonable, see Mendez-Barrera v. Holder, 602 F.3d 21, 25 (1st Cir. 2011).

Diaz Ruano bears the burden of showing that it is more likely than not that he will suffer persecution on account of one of the five protected grounds if removed to Guatemala. Makalo v. Holder, 612 F.3d 93, 96 (1st Cir. 2010). A showing of past persecution creates a rebuttable presumption that future

-5-

persecution is likely. <u>Viela</u> v. <u>Holder</u>, 620 F.3d 25, 28 (1st Cir. 2010). In addition, under the REAL ID Act of 2005, the applicant bears the burden of showing that one of the five protected grounds was or will be at least one central reason for his or her persecution.[1]   8 U.S.C. § 1158(b)(1)(B)(i); <u>see</u> <u>also</u> <u>id.</u> § 1231(b)(3)(C).

Substantial evidence supports the agency's determination that Diaz Ruano failed to show that it is more likely than not that, if removed to Guatemala, he would suffer persecution on account of his membership in a particular social group. Our precedents foreclose Diaz Ruano's claims that he will be subjected to persecution on account of his membership in the groups of young males targeted by the criminal gangs in Guatemala for recruitment or because of opposition to gangs and in the group of persons of perceived wealth returning from the United States.

In <u>Larios</u> v. <u>Holder</u>, 608 F.3d 105 (1st Cir. 2010), we held that the putative social group of youth resistant to gang recruitment "is neither socially visible nor sufficiently particular." <u>Id.</u> at 109. Diaz Ruano's purported social group of "young males targeted by the criminal gangs in Guatemala" is

---

[1] The REAL ID Act of 2005 is applicable to Diaz Ruano because he submitted his application for withholding of removal after the May 11, 2005, effective date of the Act. <u>See</u> 8 U.S.C. § 1158 note (Effective Date of 2005 Amendment); <u>Díaz-García</u> v. <u>Holder</u>, 609 F.3d 21, 27 (1st Cir. 2010).

similarly insufficiently particular, and it was reasonable for the IJ and the BIA to reject it.

We have also repeatedly rejected the purported social group of "persons of perceived wealth returning to Guatemala from the United States." See Garcia-Callejas v. Holder, No. 11-1084, 2012 WL 178381, slip op. at 4 (1st Cir. Jan. 24, 2012) (per curiam) ("We have . . . rejected social groups based solely on perceived wealth, even if signaling an increased vulnerability to crime."). In López-Castro v. Holder, 577 F.3d 49 (1st Cir. 2009), we held that the petitioner's claim "that he would be exposed to an increased risk of future attacks by gang members in Guatemala because he will be perceived as wealthy . . . fails to establish an objectively reasonable basis for a fear of future persecution premised on a statutorily protected ground." Id. at 54; see also Sicaju-Diaz v. Holder, 663 F.3d 1, 4 (1st Cir. 2011). Diaz Ruano has failed to meet his burden of demonstrating eligibility for withholding of removal.

Substantial evidence also supports the agency's finding that Diaz Ruano failed to establish that it is more likely than not that he would be subject to torture upon his return to Guatemala and so failed to meet his burden for relief under the CAT. See 8 C.F.R. § 1208.16(c)(2) ("The burden of proof is on the applicant for withholding of removal [under the CAT] to establish that it is more likely than not that he or she would be tortured if removed to

the proposed country of removal."). During Diaz Ruano's merits hearing, the IJ asked Diaz Ruano if he feared torture if he was returned to Guatemala, and Diaz Ruano responded that he did not know. As both the IJ and BIA found, Diaz Ruano did not meet his burden for withholding of removal under the CAT.

Accordingly, we deny Diaz Ruano's petition for review.