**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 11-1125

ANA DELIA RUANO DIAZ,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Boudin and Lipez, Circuit Judges.

Robert M. Warren on brief for petitioner.
Katherine A. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, with whom Tony West, Assistant Attorney General, and Derek C. Julius, Senior Litigation Counsel, Office of Immigration Litigation, were on brief for respondent.

February 7, 2012

**LYNCH**, **Chief Judge**. Ana Delia Ruano Diaz, a Guatemalan national, seeks review of the Board of Immigration Appeals (BIA) decision denying her application for withholding of removal and protection under the Convention Against Torture (CAT). We deny her petition for review.

Ruano Diaz illegally entered the United States in 2004. Two years later, the Department of Homeland Security instigated removal proceedings against her under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(a)(2); id. § 1182(a)(6)(A)(i), for being "present in the United States without being admitted or paroled," id. On October 30, 2008, the immigration judge denied Ruano Diaz's application for asylum, withholding of removal, and protection under the CAT, but found she was eligible for voluntary departure. The BIA affirmed this decision on September 2, 2010, and remanded for voluntary departure proceedings. On January 4, 2011, the immigration judge granted Ruano Diaz voluntary departure.

On February 3, 2011, Ruano Diaz petitioned this court for a stay of her deportation, which was denied on March 15, 2011. She then filed a petition for review of the BIA's decision denying her claims for withholding of removal and protection under the CAT.

Ruano Diaz was born in Guatemala in 1979. At her immigration hearing, Ruano Diaz testified that although neither she nor her family encountered any problems while living in Guatemala,

she heard about criminal gangs intimidating and attacking civilians without reprimand from the government. Ruano Diaz testified that she left Guatemala and came to the United States out of a fear of gang-related violence. Were she and her young daughter, who was born after Ruano Diaz's entry into the United States, to return to Guatemala, she testified, they might suffer kidnaping or harm from the continued rampages of criminal gangs.

The immigration judge denied Ruano Diaz's claim for withholding of removal,[1] finding that she had not demonstrated under 8 C.F.R. § 208.16(b) that it was "more likely than not" that she would -- as she claimed -- suffer persecution in Guatemala on account of her membership in a discrete, recognizable social group. The judge found that none of the three social groups to which Ruano Diaz asserted she belonged -- "young women in Guatemala,"[2] persons returning "from the United States who would be perceived as wealthy," and individuals "opposed to the criminal gangs in Guatemala" -- qualified as particularized, legally cognizable social groups for purposes of withholding of removal. In addition, the judge denied Ruano Diaz's claim for relief under the CAT,

---

[1] The immigration judge also denied Ruano Diaz's claim for asylum because she failed to file within one year of entering the United States. See 8 U.S.C. § 1158(a)(2)(B). The BIA noted that Ruano Diaz did not appeal this denial, and she has not addressed the denial any further in this Court. Therefore, we deem her asylum claim waived.

[2] Ruano Diaz does not pursue this broad group on appeal.

-3-

finding that she had not demonstrated that it was more likely than not that she would face government-sanctioned torture if she returned to Guatemala.

The BIA affirmed the immigration judge's denial of withholding of removal and relief under the CAT, and affirmed the lack of a particular social group finding. It additionally found that Ruano Diaz had not shown she was persecuted in the past and had not met the "more likely than not" standard for withholding of removal.

Where, as here, the BIA has written separately while nonetheless deferring to and affirming the decision of the immigration judge, we review both the BIA's decision and the relevant portions of the immigration judge's decision. Kartasheva v. Holder, 582 F.3d 96, 105 (1st Cir. 2009). We review any findings of fact made by the BIA and immigration judge under the highly deferential "substantial evidence" standard. Olujoke v. Gonzales, 411 F.3d 16, 21 (1st Cir. 2005). We reverse a decision only if the record would "compel a reasonable factfinder to reach a contrary determination." Chhay v. Mukasey, 540 F.3d 1, 5 (1st Cir. 2008); see also 8 U.S.C. § 1252(b)(4)(B). We review any legal determinations de novo, subject to appropriate principles of administrative deference. Naeem v. Gonzales, 469 F.3d 33, 36 (1st Cir. 2006); see also Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984).

-4-

To be eligible for withholding of removal, Ruano Diaz must show that it is "'more likely than not' that [s]he will be persecuted on account of a protected ground" if she returns to Guatemala. Vilela v. Holder, 620 F.3d 25, 28 (1st Cir. 2010) (quoting Makalo v. Holder, 612 F.3d 93, 96 (1st Cir. 2010)); see also 8 C.F.R. § 1208.16(b)(2). The five statutorily protected grounds are race, religion, nationality, political opinion, and membership in a particular social group. See 8 C.F.R. § 1208.16(b).

The BIA has delineated the term "particular social group" as a group of persons sharing a common, immutable characteristic that makes the group socially visible and sufficiently particular. Faye v. Holder, 580 F.3d 37, 41 (1st Cir. 2009); In re C-A-, 23 I. & N. Dec. 951, 959-60 (B.I.A. 2006). We have upheld this delineation of the term's scope as reasonable. See Mendez-Barrera v. Holder, 602 F.3d 21, 25-26 (1st Cir. 2010).

Substantial evidence supports the agency's determination that Ruano Diaz failed to show that were she to return to Guatemala, it is more likely than not she would suffer persecution on account of her membership in a particular social group.

In her petition, Ruano Diaz proposes only two social groups -- "persons of perceived wealth returning [to Guatemala] from the United States" and "young females targeted by the criminal gangs" in Guatemala. We interpret the latter to be equivalent to

the group Ruano Diaz proposed to the immigration judge and the BIA -- individuals "opposed to the criminal gangs in Guatemala." Our cases have already rejected Ruano Diaz's proposed groups. See, e.g., Garcia-Callejas v. Holder, No. 11-1084, 2012 WL 178381, at *1-2 (1st Cir. Jan. 24, 2012) (per curiam) (to be published in F.3d).

In Socop v. Holder, 407 F. App'x 495 (1st Cir. 2011), we held that "gang opposition," including a group of individuals "who expressly oppose the practices and values of [a particular] gang," does not constitute a particularized social group protected under the immigration laws. Id. at 498. We have also rejected attempts to recognize a particular social group comprised of individuals perceived to be wealthy, who are returning to Guatemala after living in the United States. See Sicaju-Diaz v. Holder, 663 F.3d 1, 4 (1st Cir. 2011); Larios v. Holder, 608 F.3d 105, 109 (1st Cir. 2010). In Sicaju-Diaz, we said that "nothing indicates that in Guatemala individuals perceived to be wealthy are persecuted because they belong to a social class or group." 663 F.3d at 4; see also Lopez-Castro v. Holder, 577 F.3d 49, 54 (1st Cir. 2009) (holding that petitioner's argument that "he would be exposed to an increased risk of future attacks by gang members in Guatemala because he will be perceived as wealthy . . . fails to establish an objectively reasonable basis for a fear of future persecution premised on a statutorily protected ground"). As a result, Ruano

Diaz has failed to meet her burden of demonstrating eligibility for withholding of removal.

The BIA also supportably found that Ruano Diaz failed to meet her burden for relief under the CAT, since she has not established that it is more likely than not that she would be subject to torture upon her return to Guatemala. See 8 C.F.R. § 1208.16(c)(2). Ruano Diaz submitted essentially the same evidence of fear of criminal gang violence on account of being perceived as wealthy or as someone opposed to gang violence. As the immigration judge and BIA found, this evidence did not surmount the hurdle for establishing eligibility under the CAT or the immigration statutes.

Accordingly, the petition for review is denied.