**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1401**

CORONADO ALFREDO CAMPOS-MERINO,

             Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 19, 2012        Decided:  October 30, 2012

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Arnedo S. Valera, LAW OFFICES OF VALERA & ASSOCIATES, Fairfax, Virginia, for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, Erica B. Miles, Senior Litigation Counsel, Nehal H. Kamani, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Coronado Alfredo Campos-Merino, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal from the immigration judge's order denying withholding of removal and protection under the Convention Against Torture. For the reasons that follow, we deny the petition for review.

Campos-Merino first contends that the immigration judge erred in finding that he was ineligible for withholding of removal because he failed to establish a nexus between one of the five statutorily enumerated protected grounds and his past mistreatment — a death threat levied by gang members — and his fear of future harm by the same gang. On appeal, the Board discerned no clear error in this finding. We review this determination for substantial evidence. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Agbornchong v. Holder, 383 F. App'x 319, 322-23 (4th Cir. 2010) (per curiam) (unpublished after argument).

Withholding of removal is mandatory for an alien who establishes, by a clear probability, that his "life or freedom would be threatened . . . because of [his] race, religion, nationality, membership in a particular social group, or political opinion," if removed to his home country. 8 U.S.C. § 1231(b)(3)(A) (2006); see Camara v. Ashcroft, 378 F.3d 361,

2

370 (4th Cir. 2004). A "clear probability" means "that it is more likely than not that the alien would be subject to persecution." I.N.S. v. Stevic, 467 U.S. 407, 429-30 (1984). "Persecution occurs 'on account of' a protected ground if that ground serves as 'at least one central reason for' the feared persecution." Crespin-Valladares v. Holder, 632 F.3d 117, 127 (4th Cir. 2011) (quoting 8 U.S.C. § 1158(b)(1)(B)(i) (2006)). A central reason is one that is more than "'incidental, tangential, superficial, or subordinate to another reason for harm.'" Quinteros-Mendoza v. Holder, 556 F.3d 159, 164 (4th Cir. 2009) (quoting In re J-B-N-, 24 I. & N. Dec. 208, 214 (BIA 2007)).

We have reviewed the record and readily conclude that substantial evidence supports the finding that Campos-Merino failed to show that a protected ground was "one central reason" for the gang's death threat or the future harm Campos-Merino fears would befall him and his family if they returned to El Salvador. Rather, the record evidence supports the immigration judge's determination that the central reason for the death threat, as well as the gang's ongoing interest in Campos-Merino's whereabouts, was to ensure that Campos-Merino did not inform the police of the gang murder that he witnessed. We therefore uphold the denial of withholding of removal. Accord Vasquez v. I.N.S., 177 F.3d 62, 65 (1st Cir. 1999) (upholding

3

ruling that petitioners did not establish nexus between well-founded fear of future persecution and an imputed anti-guerilla, pro-government political opinion, because substantial evidence supported determination that threats and assault were motivated by desire to prevent lead petitioner from giving the police information regarding the guerillas' assassination).

We also uphold the immigration judge's decision, affirmed by the Board, to deny relief under the Convention Against Torture. Substantial evidence supports the ruling that Campos-Merino failed to establish that it is more likely than not that he would be tortured if removed to El Salvador at the instigation of or with the consent or acquiescence of the Salvadoran government. See 8 C.F.R. §§ 1208.16(c)(1), (2), 1208.18 (2012). Campos-Merino did not contend that the Salvadoran government has any interest in subjecting him to torture. And the record, which contains two Department of State reports that discuss the government's ongoing efforts to combat gang violence, simply does not compel the conclusion that the gang operates with the acquiescence of the Salvadoran government or even that the government turns a blind eye to the gang's criminal activities. See Lizama v. Holder, 629 F.3d 440, 449-50 (4th Cir. 2011) (recognizing that a State Department report explaining that "the Salvadoran government does not have a policy or practice of refusing assistance to persons who receive

4

threats or are otherwise victims of gang violence" is substantial evidence (internal quotation marks and alteration omitted)).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

5