**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1711**

JOAQUIN OVIDIO PEREZ-PEREZ; MIGUEL ALEXANDER ORELLANA-
PEREZ,

                    Petitioners,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  January 27, 2014          Decided:  May 9, 2014

Before GREGORY, SHEDD, and DIAZ, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per
curiam opinion.

Jeremy L. McKinney, MCKINNEY PERRY & COALTER, Greensboro, North
Carolina, for Petitioners.  Stuart F. Delery, Assistant Attorney
General, Linda S. Wernery, Assistant Director, Theodore C. Hirt,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joaquin Ovidio Perez-Perez and his nephew, Miguel Alexander Orellana-Perez ("Petitioners"), are natives and citizens of El Salvador. They petition for review of the Board of Immigration Appeals' ("Board") order dismissing their appeal from the immigration judge's denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons that follow, we deny the petition for review in part and dismiss it in part.

Petitioners first challenge the immigration judge's factual finding that they were ineligible for asylum and withholding of removal because they failed to establish a nexus between one of the five statutorily enumerated protected grounds and their past mistreatment — death threats levied by gang members — and their fear of future harm by the same gang. On appeal, the Board discerned no clear error in this finding. We review this factual determination for substantial evidence. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Hui Pan v. Holder, 737 F.3d 921, 926 (4th Cir. 2013).

"Persecution occurs 'on account of' a protected ground if that ground serves as 'at least one central reason for' the feared persecution." Crespin-Valladares v. Holder, 632 F.3d 117, 127 (4th Cir. 2011) (quoting 8 U.S.C. § 1158(b)(1)(B)(i) (2012)). A central reason is one that is more than

2

"'incidental, tangential, superficial, or subordinate to another reason for harm.'" Quinteros-Mendoza v. Holder, 556 F.3d 159, 164 (4th Cir. 2009) (quoting In re J-B-N-, 24 I. & N. Dec. 208, 214 (BIA 2007)).

We have reviewed the record and conclude that substantial evidence supports the finding that Petitioners failed to show that the advanced protected ground, their membership in the particular social group of their family, was "one central reason" for the gang's death threats or the future harm they feared would befall them if they returned to El Salvador. Rather, the record evidence supports the immigration judge's determination, adopted and affirmed by the Board, that the central reason for the death threats was to ensure that Petitioners did not inform the police of the gang murder that they had witnessed. We therefore uphold the denial of asylum and withholding of removal. Accord Vasquez v. I.N.S., 177 F.3d 62, 65 (1st Cir. 1999) (upholding ruling that petitioners did not establish nexus between well-founded fear of future persecution and an imputed anti-guerilla, pro-government political opinion, because substantial evidence supported determination that threats and assault were motivated by desire to prevent lead petitioner from giving the police information regarding the guerillas' assassination).

Petitioners also seek review of the denial of relief under the Convention Against Torture. In their administrative appeal to the Board, though, Petitioners did not assert any arguments related to the immigration judge's reasons for denying this form of relief. We thus conclude that the claims raised in Petitioners' appeal brief have not been exhausted, as they must be, see 8 U.S.C. § 1252(d)(1) (2012), which precludes us from reviewing these issues. See Lizama v. Holder, 629 F.3d 440, 448 (4th Cir. 2011) ("A petitioner's failure to raise his CAT claim on appeal to the [Board] 'constitutes a failure to exhaust administrative remedies that bars judicial review.'" (quoting Massis v. Mukasey, 549 F.3d 631, 638 (4th Cir. 2008))); Kporlor v. Holder, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the [Board] before we have jurisdiction to consider it." (internal quotation marks omitted)).

Accordingly, we deny the petition for review in part and dismiss it in part for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED IN PART AND DISMISSED IN PART</u>

4