# United States Court of Appeals

## For the First Circuit

No. 08-1588

MUHAMMAD RASHAD,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Stahl, <u>Circuit Judges</u>,
and García-Gregory,[*] <u>District Judge</u>.

<u>Peter A. Allen</u> and <u>Peter Allen, P.C.</u> on brief for petitioner.
<u>Theodore C. Hirt</u>, Attorney, Office of Immigration Litigation,
U.S. Department of Justice, <u>Gregory G. Katsas</u>, Assistant Attorney
General, and <u>Linda S. Wernery</u>, Assistant Director, on brief for
respondent.

January 16, 2009

---

[*] Of the District of Puerto Rico, sitting by designation.

**GARCÍA-GREGORY, District Judge**. Petitioner Muhammad Rashad ("Rashad") submitted a petition for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("Convention Against Torture"). Rashad filed his petition after he was ordered to appear before an immigration court because he had exceeded the time period to remain in the United States as authorized by his non-immigrant visa. In his petition, Rashad claimed that he would be arrested, jailed, tortured, and possibly killed if he were to return to his native Pakistan. The Immigration Judge ("IJ") rejected Rashad's petition since it was filed past the one (1) year statutory period mandated by the Immigration and Nationality Act § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B) and because there were no changed or extraordinary circumstances that would ban the application of the one (1) year statute of limitations.[1] Furthermore, the IJ held that Rashad did not qualify for withholding of removal[2] or protection under the

---

[1] An alien must seek asylum within one year of entering the United States. 8 U.S.C. § 1158 (a)(2)(B). However, an alien's failure to timely file an asylum application may be excused if the alien shows "changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158 (a)(2)(D).

[2] As a general rule, the withholding of the deportation of an alien is mandatory if he establishes that it is more likely than not that he would be subject to persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, should he return to his homeland. INS v.

Convention Against Torture. A timely appeal with the Board of Immigration Appeals (the "BIA") followed. The appeal was dismissed. Rashad challenges the IJ and BIA's ruling declaring him ineligible for asylum, the denial of his application for withholding of removal, and protection under the Convention Against Torture. We lack jurisdiction over the asylum application and find that the remainder of Rashad's allegations are unpersuasive. As such, we will deny Rashad's petition for review.

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts are drawn mainly from the IJ and the BIA's decisions and the exhibits referenced therein. Rashad is a sixty-one (61) year old male, who is a native born citizen of Pakistan. Rashad is also a married father of six (6) children, whose wife and children live in Pakistan. On or about August of 2000, Rashad obtained a non-immigrant visa from the United States Embassy in Islamabad, Pakistan. On or about November 11, 2000, Rashad secured admission to the United States. Rashad's non-immigrant visa authorized him to remain in the United States for a temporary period not to extend beyond February 11, 2001. Prior to leaving Pakistan, Rashad was a card carrying member of the Nawaz faction of the Pakistan Muslim League ("PML-N"), an organization he joined in 2000. The PML-N was named after former Pakistani Prime Minister

Aguirre-Aguirre, 526 U.S. 415, 419 (1999).

Nawaz Sharif, who was deposed in a bloodless coup by Pakistani army chief, General Pervez Musharraf on October 15, 1999.

On March 19, 2003, the Department of Homeland Security sent Rashad a Notice to Appear ("NTA") in immigration court, charging him as subject to removal because he had remained in the United States for a longer time period than permitted. Rashad responded to the NTA and on April 7, 2004, more than three years after his admission to the United States, Rashad filed a petition for asylum alleging that he would be arrested, jailed, tortured, and possibly killed if he returned to Pakistan because he was an active member of the PML-N. On July 11, 2006, after a hearing on the merits, the IJ issued an oral decision denying Rashad's asylum request. Specifically, the IJ denied Rashad's asylum request as untimely because he had failed to file his request within the one (1) year statutory deadline. Furthermore, the IJ determined that Rashad had failed to submit clear and convincing evidence establishing a legal entitlement to an exception from the one (1) year statutory deadline on account of extraordinary personal circumstances in his life or changed human rights conditions in Pakistan. Specifically, the IJ found that Rashad's ignorance of the law was not an excuse. Furthermore, the IJ noted that Rashad had not been under stress or trauma, nor had he suffered from any physical or mental problems, from any mistreatment or harm suffered before he came to the United States. As to the "changed

-4-

conditions," the IJ indicated that the PML-N continued to exist as a significant political party in Pakistan.

The IJ also denied Rashad's request for withholding of removal and protection under the Convention Against Torture. The IJ found that Rashad failed to establish that he would be persecuted and/or tortured if he were to return to Pakistan. Namely, the IJ stated that Rashad failed to demonstrate that he was a leader of the PML-N or that he was of any significant interest to Pakistani authorities. Furthermore, the IJ found that Rashad did not show that he had to go into hiding in Pakistan or that he had any other significant problems because prior to traveling to the United States, Rashad had been able to move freely throughout Pakistan staying at various locations including his family home. The IJ further noted that his wife and children continued to reside in his family home. Accordingly, the IJ denied Rashad's request for asylum, withholding of removal, and protection under the Convention Against Torture.

Rashad filed a timely appeal with the BIA. Like the IJ, the BIA agreed that Rashad was not eligible for asylum on account of his failure to submit his application within one (1) year of his arrival to the United States. Further, the BIA acknowledged the IJ's decision that Rashad failed to establish a valid exception to this requirement or prove that his asylum application was filed within a reasonable period under the circumstances. Moreover, the

BIA held that even if Rashad's asylum application were timely filed and his testimony before the IJ deemed credible, his appeal would be denied because he failed to sustain the burden of proof applicable to asylum petitions as well as the more stringent burden applicable to claims for withholding of removal or protection under the Convention Against Torture. Specifically, the BIA held that the record did not show that he would be mistreated by the government of Pakistan on account of a protected ground. Additionally, the BIA concluded that Rashad failed to proffer an adequate torture claim. The BIA dismissed Rashad's appeal, and the instant petition for review followed.

## STANDARD OF REVIEW

When this Court has jurisdiction to review, we uphold determinations by the BIA or the IJ if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (internal quotation marks omitted). This deferential standard is applied to findings of fact including credibility determinations. Chhay v. Mukasey, 540 F.3d 1, 5 (1st Cir. 2008). Likewise, the "substantial evidence" standard applies to claims for asylum, withholding of removal, and relief under the Convention Against Torture. Settenda v. Ashcroft, 377 F.3d 89, 93 (1st Cir. 2004). Under this standard, "[w]e will reverse only if the petitioner's evidence would compel a reasonable factfinder to conclude that relief was warranted."

Id.; see also 8 U.S.C. § 1252(b)(4)(B)("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").[3]

Usually, this Court confines its review to the BIA's order that is being challenged by the petitioner. Sharari v. Gonzales, 407 F.3d 467, 473 (1st Cir. 2005). If the BIA has simply adopted or deferred to the IJ's reasoning, the Court must look to that decision instead, "treating the findings and conclusion of the IJ as the Board's own opinion." Herbert v. Ashcroft, 325 F.3d 68, 71 (1st Cir. 2003). However, when as here, the BIA adopts the decision of the IJ, and provides some analysis of its own, the Court reviews both decisions. Romilus v. Ashcroft, 385 F.3d 1, 5 (1st Cir. 2004).

## DISCUSSION

Rashad asks us to review his application for asylum, request for withholding of removal, and petition for protection under the Convention Against Torture. Furthermore, Rashad contests the IJ's credibility assessment. We begin with Rashad's asylum application.

---

[3] Thus, a credibility determination will be sustained when the IJ has given reasoned consideration to the evidence and has provided a cogent explanation for his finding. Chhay, 540 F.3d at 5.

-7-

1. <u>Rashad's Asylum Application</u>

An application for asylum must be filed within one year of the alien's arrival in the United States, absent changed circumstances affecting eligibility for asylum or extraordinary circumstances relating to the delay in filing. 8 U.S.C. §§ 1158(a)(2)(B); 1158(a)(2)(D). Here, it is undisputed that Rashad resided in the United States for more than three years before filing his asylum application. Accordingly, both the IJ and the BIA determined that Rashad's petition was untimely. Furthermore, the IJ and the BIA concluded that there were no changed or extraordinary circumstances that might have justified his untimely application.

Unless the alien identifies a legal or constitutional defect in the decision, this Court lacks jurisdiction to review the BIA's determination that a petition for asylum was untimely or that there were no changed or extraordinary circumstances that might have justified considering the application. <u>Hana</u> v. <u>Gonzales</u>, 503 F.3d 39, 42 (1st Cir. 2007) (citing 8 U.S.C. § 1252(a)(2)(D)). Both the IJ and the BIA have determined that there are no extraordinary circumstances justifying Rashad's untimely application for asylum. Therefore, we lack jurisdiction to review the rejection of Rashad's asylum application on this ground.

Nonetheless, Rashad claims that Congress violated his right to due process by precluding our review of determinations made by the Attorney General in connection with the one (1) year

filing rules or request for exceptions. This Court, nonetheless, has previously held that this jurisdictional bar does not represent a due process violation. Hana, 503 F.3d at 44 (holding that the judicial review bar of 8 U.S.C. § 1158(a)(3) does not represent a due process violation). Rashad further argues that the agency violated his due process rights because it failed to provide him with a fair and efficient procedure for determining the validity of his persecution claim and failed to fully evaluate his exceptions to the one (1) year statute of limitation for filing asylum petitions. However, Rashad's argument is meritless as it is not a colorable constitutional claim.[4] See Lutaaya v. Mukasey, 535 F.3d 63, 69 (1st Cir. 2008) (holding that petitioner's argument that the IJ violated her due process rights because the IJ did not consider her testimony and failed to allow her to "fully explain" her reasons to meet the one year deadline was not a colorable constitutional claim that would allow this court to exercise judicial review over the untimely asylum application); Jamal v. Mukasey, 531 F.3d 60, 65 (1st Cir. 2008) (rejecting as frivolous petitioner's argument that the failure of the IJ to make an individualized analysis to determine whether there was sufficient evidence to qualify him for an exception from the one (1) year

_____

[4] "The underlying constitutional or legal question must be colorable; that is, the argument advanced must, at the very least, have some potential validity." Pan v. Gonzales, 489 F.3d 80, 84 (1st Cir. 2007).

asylum ban was a violation of due process). Rashad's allegation that the IJ and the BIA failed to "fully evaluate" his qualification for the exception to the one (1) year filing deadline is another way of saying that the agency got the facts wrong, which is simply a factual claim masqueraded as a legal challenge that certainly cannot defeat the operation of the jurisdiction-stripping provision. See Pan, 489 F.3d at 85. Hence, this Court lacks jurisdiction to review Rashad's asylum petition.

2. Withholding of Removal and Protection under the Convention Against Torture

Although we lack jurisdiction to consider Rashad's asylum petition, we can consider his request for withholding of removal and protection under the Convention Against Torture. See Saad v. Keisler, No. 06-2347, 2007 U.S. App. LEXIS 24493, at *8 (1st Cir. Oct. 19, 2007). In order to qualify for withholding of removal, a petitioner must either demonstrate past persecution, which gives rise to a rebuttable presumption of future persecution, or must show that more likely than not he would face persecution on account of race, religion, nationality, membership in a particular social group, or political opinion should he return to his homeland. Aguirre-Aguirre, 526 U.S. at 419; Limani v. Mukasey, 538 F.3d 25, 31 (1st Cir. 2008) (citing 8 C.F.R. § 208.16(b)(1)(i), (b)(2)). Basically, "[w]ithholding of removal requires that the alien establish a clear probability of persecution, rather than merely a

well-founded fear of persecution." Anq v. Gonzales, 430 F.3d 50, 58 (1st Cir. 2005). "To qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering." Nelson v. INS, 232 F.3d 258, 263 (1st Cir. 2000).

Unlike withholdings of removal, relief under the Convention Against Torture does not require the petitioner to prove the reason for torture. Romilus, 385 F.3d at 8. Instead, the petitioner must prove that more likely than not he will be tortured if he is returned to his homeland. Id. "To establish a prima facie claim under the [Convention Against Torture], an applicant must offer specific objective evidence showing that he will be subject to: '(1) an act causing severe physical or mental pain or suffering; (2) intentionally inflicted; (3) for a proscribed purpose; (4) by or at the instigation of or with the consent or acquiescence of a public official who has custody or physical control of the victim; and (5) not arising from lawful sanctions.'" Id. (internal citations omitted).

Rashad avers that he qualifies for withholding of removal and/or protection under the Convention Against Torture because if he were to return to Pakistan he would be tortured and/or persecuted because of his political affiliations. Rashad brings to this Court's attention that even though he was not an official of the PML-N, he helped organize political rallies. According to Rashad, on October 2000, he spoke at a political rally. Thereafter,

the police, which were loyal to General Pervez Musharraf, searched for him and forced him into hiding.[5] Rashad fears that if he returns to Pakistan he could be tortured and/or persecuted by security forces. However, the IJ and the BIA held that Rashad did not qualify for withholding of removal and protection under the Convention Against Torture.

Our deferential standard of review does not permit us to second-guess the determinations of the IJ or the BIA, if they are supported by substantial evidence in the record. Khan v. Mukasey, 549 F.3d 573, 576 (1st Cir. 2008). "The substantial evidence standard demands that we uphold the agency's determination unless the evidence points unerringly in the opposite direction." Id. (internal quotation marks and citations omitted). Here, the evidence does not compel us to reject the agency's conclusion. See id.

The evidence in the record does not show that Rashad experienced past torture, persecution, or that it was "more likely than not" that he would be persecuted on one of the above specified grounds if he returned to Pakistan. This conclusion is supported by the fact that before coming to the United States, Rashad traveled

---

[5] In reaching her conclusion that Rashad did not travel to the United States for safety reasons, the IJ noted that Rashad had made plans to come to the United States prior to the October 2000 rally, before he allegedly had any knowledge that Pakistani authorities "were looking for him and wanted to arrest him or anything else."

freely around Pakistan, stayed at his family's home, and was able to leave Pakistan in November of 2000 using his passport without any interference by Pakistani officials. Furthermore, Rashad's family continues to live peacefully in Pakistan. See Aguilar-Solis v. INS, 168 F.3d 565, 573 (1st Cir. 1999) (finding that "the fact that close relatives continue to live peacefully in the alien's homeland undercuts the alien's claim that persecution awaits his return"). As such, this Court finds that the evidence and testimony offered by Rashad is insufficient to compel a reasonable factfinder to conclude that more likely than not he would be tortured or persecuted if he were to return to Pakistan.

## CONCLUSION

For the foregoing reasons, the petition for review is **DENIED.**