# United States Court of Appeals
## For the First Circuit

No. 18-1469

JOSE GILBERTO BATRES AGUSTIN,

Petitioner,

v.

MATTHEW G. WHITAKER,[*]
ACTING ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Torruella, Kayatta, and Barron,
Circuit Judges.

Lidia M. Sanchez, on brief for petitioner.
Walter Bocchini, Trial Attorney, Joseph H. Hunt, Assistant Attorney General, and Linda S. Wernery, Assistant Director, Office of Immigration Litigation, U.S. Department of Justice, on brief for respondent.

January 25, 2019

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Acting Attorney General Matthew G. Whitaker has been substituted for former Attorney General Jefferson B. Sessions III as the respondent.

**BARRON**, **Circuit Judge**.  Jose Gilberto Batres Agustin ("Batres Agustin") is a Guatemalan national.  He petitions for review of the Board of Immigration Appeals' ("BIA") order, which upheld the Immigration Judge's ("IJ") denial of his application for both withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against Torture ("CAT") under 8 C.F.R. § 208.16(c)(4).  We deny the petition.

## I.

Batres Agustin entered the United States illegally in December of 1989.  During his nearly thirty years in the United States, Batres Agustin was convicted three times of driving under the influence.  After his most recent arrest in 2015 for driving under the influence, he was taken into custody by the Department of Homeland Security ("DHS"), and, on December 2, 2015, DHS initiated removal proceedings against him before an IJ in Boston, Massachusetts.

Prior to those proceedings, Batres Agustin filed an I-589 Application for Asylum and Withholding of Removal under § 241(b)(3) of the Immigration and Nationality Act ("INA").  He indicated in this application that he anticipated "mistreatment at the hands of the [gangs] and criminal elements in Guatemala" were he to return to his home country and that his brother and daughter had experienced gang violence in Guatemala in the past when they refused to comply with the gangs' extortionist demands.  He further

indicated that he sought withholding of removal based on "membership in a particular social group" and that he was not afraid of being subjected to torture if he returned to Guatemala.

Batres Agustin's removal hearing was held on July 26, 2017. In seeking asylum and withholding of removal, he testified that he feared extortion and violence from local gangs were he to return to his home country. He also testified that his family had experienced gang violence there in the past and noted that he was particularly apprehensive, as someone returning from the United States, because "the [gangs] ask for money as soon as they know that you're coming back from [the United States]." When pressed by his attorney as to his precise fears regarding his return, Batres Agustin stated that he was "accustomed" to life in the United States and, for that reason, was afraid of "start[ing] over" in Guatemala.

At the hearing's conclusion, the IJ ruled that the asylum application was untimely and that Batres Agustin had failed to establish a well-founded fear of persecution upon his return to Guatemala based on one of the five protected grounds enumerated in 8 U.S.C. § 1231(b)(3)(A) and thus was not entitled to withholding of removal. Additionally, the IJ ruled that Batres Agustin was

not entitled to protection under the CAT because he made no claim that he would be tortured by anyone if he returned to Guatemala.[1]

On August 24, 2017, Batres Agustin appealed the IJ's decision to the BIA. In affirming the IJ's ruling on April 20, 2018, the BIA found that Batres Agustin's application for asylum was untimely because it was filed well after the one-year deadline. The BIA also rejected his application for withholding of removal because he had failed to "demonstrate past persecution or that any feared harm would be on account of a protected ground." In so finding, the BIA determined that the petitioner "did not demonstrate a pattern or practice of persecution of a group of similarly situated people" due to any protected ground. Finally, the BIA rejected Batres Agustin's CAT claim because he had failed to "testify regarding any past torture or fear of future torture." Batres Agustin timely petitioned for review of the BIA's ruling on May 18, 2018.

## II.

Where, as here, the BIA issues its own opinion without adopting the IJ's rationale, we review the BIA's decision. See Touch v. Holder, 568 F.3d 32, 37-38 (1st Cir. 2009). Our review

---

[1] Batres Agustin's I-589 Application did not purport to seek relief under the CAT, and, therefore, it appears that the IJ addressed and rejected the prospect of CAT relief of its own accord.

- 4 -

of the BIA's denial of claims for withholding of removal and for CAT protection is for "substantial evidence."  Id. at 38 (quoting Rashad v. Mukasey, 554 F.3d 1, 4 (1st Cir. 2009)).  "Under this standard, we do not disturb [factual] findings if they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  Id. (quoting Segran v. Mukasey, 511 F.3d 1, 5 (1st Cir. 2007)).  "We reverse only if 'any reasonable adjudicator would be compelled to conclude to the contrary.'"  Id. (quoting Tobon-Marin v. Mukasey, 512 F.3d 28, 30 (1st Cir. 2008)).  We review purely legal questions, however, de novo.  Segran, 511 F.3d at 5.[2]

To establish eligibility for withholding of removal, a petitioner must show "a clear probability of persecution," Ang v. Gonzales, 430 F.3d 50, 58 (1st Cir. 2005), based on "race,

---

[2] Batres Agustin concedes that his asylum claim was untimely, but he argues for the first time to us that he qualifies for an exception to the one-year filing window due to the District Court for the Western District of Washington's recent decision in Rojas v. Johnson, 305 F. Supp. 3d 1176 (W.D. Wash. 2018).  However, we are not bound by that precedent, and, insofar as Batres Agustin means to rely on the reasoning set forth in Rojas, the argument is waived, as Batres Agustin did not raise that argument to the BIA. See Vineberg v. Bissonnette, 548 F.3d 50, 57-58 (1st Cir. 2008). Separately, Batres Agustin states in a sentence in a footnote in his brief to us that the notice to appear that he received did not comply with the requirements established by the Supreme Court in its recent opinion in Pereira v. Sessions, 138 S. Ct. 2105 (2018). But this argument, too, is waived, as it is not adequately developed.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1231(b)(3)(A). The BIA concluded, however, that Batres Agustin had not shown past persecution or that "any feared harm would be on account of a protected ground." In so concluding, the BIA found that his general fear of civil unrest in Guatemala did not suffice to show a probable fear of persecution and that, to the extent that the particular social group to which he claimed to belong was "wealthy individuals returning from a lengthy stay in the United States," that class of persons did not constitute a protected social group under 8 U.S.C. § 1231(b)(3)(A). The BIA also found that he "did not demonstrate a pattern or practice of persecution of a group of similarly situated people" due to any protected ground.

Batres Agustin does not dispute that, as the BIA noted, a consistent line of our precedent supports the conclusion that wealthy Guatemalans returning to Guatemala do not constitute a protected social group. See, e.g., Sicaju-Diaz v. Holder, 663 F.3d 1, 4 (1st Cir. 2011) (rejecting the claim that wealthy Guatemalans returning from the United States constitute a protected social group); Garcia-Callejas v. Holder, 666 F.3d 828, 830 (1st Cir. 2012) (holding the same for wealthy El Salvadorans); López-Castro v. Holder, 577 F.3d 49, 54 (1st Cir. 2009) (per curiam) ("A country-wide risk of victimization through economic terrorism is not the functional equivalent of a statutorily

- 6 -

protected ground."). Nor does he dispute that, before the BIA, the only social group to which he claimed to belong was one comprised of wealthy individuals returning to Guatemala. But, Batres Agustin argues, our line of precedent on which the BIA relied does not control here.

Batres Agustin first attempts to distinguish his case by contending that the record shows that his family has already experienced the type of violence that he fears will befall him if he returns. But, as Batres Agustin did not contend below -- and does not argue to us -- that he has been or would be targeted on the basis of his family status, this contention does not undermine the BIA's ruling that the only social group to which Batres Agustin claimed to belong -- wealthy individuals returning to Guatemala -- was not a social group that the statute protected.

Batres Agustin also contends that his case may be distinguished because he is an elderly man with no "social support" in Guatemala. But, again, this assertion is beside the point, as it, too, fails to show that the only social group to which he claimed to belong is a statutorily protected one.

All that remains for us to consider, therefore, is Batres Agustin's challenge to the BIA's ruling that he is not entitled to protection under the CAT. The BIA so ruled because it concluded that Batres Agustin had failed to establish that he feared torture "inflicted by, at the direction of, or with the acquiescence of

government officials." Hincapie v. Gonzales, 494 F.3d 213, 221 (1st Cir. 2007). Batres Agustin correctly points out that, even though he did not raise a CAT claim before the IJ or the BIA, the IJ and the BIA each addressed it. And, he now contends, the BIA's rejection of it is not supported by substantial evidence because the record suffices to show that his fear of gang violence stems from the fact that the Guatemalan government "has been ineffective in controlling" Guatemalan gangs. But, evidence of that general kind does not suffice to show that the BIA's finding is not supported by substantial evidence. See Alvizures-Gomes v. Lynch, 830 F.3d 49, 55 (1st Cir. 2016) (holding that generalized allegations of corruption in the Guatemalan government did not absolve the petitioner of the requirement that he provide specific evidence that he faced a risk of torture as a direct result of that corruption). Thus, this aspect of Batres Agustin's challenge fails as well.

## III.

The petition for review is **denied**.