# United States Court of Appeals
## For the First Circuit

No. 18-2052

MAURICIO FABIAN-SORIANO,

Petitioner,

v.

WILLIAM P. BARR,[*]
UNITED STATES ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Torruella, Selya, and Lynch,
Circuit Judges.

Megan M. O'Neill, Anne Y. Lee, and Covington & Burling LLP on brief for petitioner.
Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, Joseph H. Hunt, Assistant Attorney General, Civil Division, and Stephen J. Flynn, Assistant Director, Office of Immigration Litigation, on brief for respondent.

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General William P. Barr has been substituted for former Attorney General Jefferson B. Sessions, III as the respondent.

May 31, 2019

**LYNCH**, **Circuit Judge**.   The primary issue in this immigration case is whether the statutory bar in 8 U.S.C. § 1252(a)(2)(C) strips this court of jurisdiction over Mauricio Fabian-Soriano's petition for judicial review of a Board of Immigration Appeals' decision adopting and affirming an Immigration Judge's denial of Fabian's request for withholding of removal under the Immigration and Nationality Act § 241(b)(3), 8 U.S.C. § 1231(b)(3).

Because Fabian is removable due to his conviction for a state crime involving moral turpitude, we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(C) to consider Fabian's challenge to the denial of withholding of removal.  He raises no colorable legal or constitutional claims.  We also lack jurisdiction to consider Fabian's argument, made for the first time in his brief to us, that he is part of a particular social group consisting of "persons who oppose gang membership and face continuous threatening behavior after resisting recruitment, even after informing the police and seeking their assistance and protection."  He did not exhaust that argument.

We dismiss the petition for review for lack of jurisdiction.

## I.

Fabian entered the United States near McAllen, Texas without inspection in October 2013.  On November 10, 2017, Fabian

was convicted of indecent assault and battery on a person fourteen years or older, in violation of Massachusetts General Laws chapter 265, § 13H. On February 7, 2018, officers from U.S. Immigration and Customs Enforcement conducted a routine check to identify removable aliens at the Suffolk County House of Correction in Massachusetts where Fabian was incarcerated. The ICE check revealed Fabian's unlawful status, and the Department of Homeland Security initiated removal proceedings against him on March 1, 2018. DHS charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, and 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who had been convicted of a crime involving moral turpitude.

On March 19, 2018, Fabian appeared pro se before an IJ in Massachusetts, who, after granting several continuances at Fabian's request, found Fabian removable.[1] On March 27, 2018, Fabian again appeared pro se before the IJ to submit his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In the alternative, Fabian requested voluntary departure.

---

[1] At that March 19 hearing, Fabian admitted to entering the United States without being admitted or paroled after inspection by an immigration officer, and to the indecent assault and battery conviction.

- 4 -

At a merits hearing on April 26, 2018, Fabian again appeared pro se, and was provided an interpreter. He was the only witness. He testified that he was fearful of returning to El Salvador because he had resisted recruitment by the MS-13 gang. Beginning in August 2013, he said, MS-13 members sent him four or five anonymous messages telling him to attend a "jumping" initiation, during which a new gang recruit is tortured for thirteen seconds. Fabian testified that he received the messages "on [his] phone." Fabian ignored these messages.

On September 15, 2013, Fabian said, four people dressed in black, with ski masks covering their faces and weapons in their hands, knocked on his door. He did not open the door, but hid out of sight. Fabian texted his brother, a police officer in a different town, about what was happening. Fabian's brother contacted the local police, who sent a patrol car to Fabian's house, causing the masked people to hide. When the masked people finally left the next morning, Fabian fled to his aunt's house, where he remained until he came to the United States. He has received one anonymous threatening message on Facebook since then. Fabian admitted that no one has harmed, mistreated, or threatened his family in El Salvador, but he still feared that MS-13 would harm or mistreat him if he returned because of his refusal to join the gang.

On April 26, 2018, the IJ denied Fabian's applications for relief and ordered him removed. The IJ found Fabian credible and that he genuinely feared returning to El Salvador. The IJ denied Fabian's request for withholding of removal because Fabian failed to meet his burden to establish harm or mistreatment rising to the level of past persecution. The IJ found that the messages from MS-13 members were not "so menacing as to cause significant actual suffering and harm," particularly since Fabian had not provided "medical or any other documentation that he continued to suffer in some way from th[o]se threats." Alternatively, the IJ found that "even if the sum total of the respondent's past experiences did amount to persecution, there has been no showing . . . that any past persecution or any well-founded fear or clear probability is on account of a protected ground." That is, "there [was] no showing that the threats were on account of his race, religion, political opinion, social group, or nationality."

Fabian appealed the IJ's decision to the BIA in a pro se filing. The BIA adopted and affirmed the IJ's decision. The BIA held that Fabian "ha[d] not made any specific arguments regarding the [IJ's] decision and ha[d] not meaningfully challenged any of the findings or conclusions underlying the denial of his applications for relief and protection." The BIA declined to consider Fabian's argument that he was eligible for asylum due to

his political opinion, because Fabian had not made that argument before the IJ.

Represented by counsel, Fabian filed a petition for review of the BIA's decision on October 24, 2018. Fabian was removed to El Salvador on November 21, 2018. All agree that his removal does not moot his petition.

II.

Fabian's petition challenges the denial of withholding of removal on the grounds that (1) he did suffer past persecution, (2) the agency decision failed to give "reasoned consideration" to whether Fabian was more likely than not to face future persecution, and (3) Fabian described a particular social group that the agency wrongly rejected.[2] We lack jurisdiction to consider his arguments.

A.  We Lack Jurisdiction Over Fabian's Challenge

The INA provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of [a conviction for a crime involving moral

---

[2]     Before this court, Fabian does not challenge the denial of his request for asylum under INA § 208(a), 8 U.S.C. § 1158(a); for protection under the CAT, 8 C.F.R. §§ 1208.16(c), 1208.18; or for voluntary departure under INA § 240B(b), 8 U.S.C. § 1229c(b). Fabian also does not challenge the denial of his request for additional continuances to find an attorney for his merits hearing before the IJ. Nor does he revive his argument, made for the first time before the BIA, that he suffered past persecution or was likely to face future persecution on account of his political opinion.

turpitude]."[3]  8 U.S.C. § 1252(a)(2)(C).  Nevertheless, under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310 (2005), this court retains jurisdiction to review "constitutional claims or questions of law raised upon a petition for review."  Id. § 1252(a)(2)(D).

Fabian attempts, unsuccessfully, to characterize his claims as raising colorable issues of law.  Under well settled First Circuit precedent, where the agency has utilized the correct legal standards in a reasoned opinion and the petitioner challenges a determination about the sufficiency of the evidence to meet his burden of proof, no colorable legal or constitutional claim is presented.[4]  See Ayeni v. Holder, 617 F.3d 67, 70-71 (1st Cir.

---

[3]  Fabian properly concedes that his conviction for indecent assault and battery of a person fourteen years or older is a crime involving moral turpitude.

[4]  Fabian cites to Ramadan v. Gonzales, 479 F.3d 646 (9th Cir. 2007), which held that "jurisdiction over 'questions of law' as defined in the Real ID Act includes not only 'pure' issues of statutory interpretation, but also application of law to undisputed facts."  Id. at 648.  In that case, the Ninth Circuit held that it could review the BIA's application of the changed or extraordinary circumstances exception to the one-year asylum deadline when the facts are not disputed.  Id.  That is not our law and Fabian has not developed any argument as to why we should adopt Ramadan's approach, so he has waived this argument.  See Negeya v. Gonzales, 417 F.3d 78, 85 (1st Cir. 2005).
    Moreover, the Ninth Circuit has acknowledged that it is "alone in interpreting the REAL ID Act to allow for such broad review," at least in the context of the changed or extraordinary circumstances exception.  Al Ramahi v. Holder, 725 F.3d 1133, 1138 n.2 (9th Cir. 2013).  Most other circuits disagree.  Id. (collecting cases); see, e.g., Viracacha v. Mukasey, 518 F.3d 511, 515 (7th Cir. 2008) ("Because no administrative case can be decided

2010) ("The petitioner's claim that the BIA failed to accord sufficient weight to the seriousness of his son's asthma is a factual claim. Cloaking it in the garb of legal error does not alter its nature."); Conteh v. Gonzales, 461 F.3d 45, 63 (1st Cir. 2006) (holding that the "assertion that the IJ (and thus, the BIA) misconstrued the evidence and, in the bargain, relied too heavily on a vague and general report of changed country conditions . . . is a classic claim of factual error"); Elysee v. Gonzales, 437 F.3d 221, 223-24 (1st Cir. 2006) (holding that the petitioner's arguments, including that "unfair weight [was] given to the fact that [petitioner's] underlying convictions stemmed from incidents of domestic violence" were "not constitutional claims or questions of law but attacks on the factual findings made and the balancing of factors engaged in by the IJ"); see also Rashad v. Mukasey, 554 F.3d 1, 5 (1st Cir. 2009) (holding that the allegation that the agency failed to "fully evaluate" an aspect of a claim is just another attack on weighing facts, "which is simply a factual claim masqueraded as a legal challenge"). We have consistently held that the REAL ID Act does not permit "review of the BIA's factual findings as to credibility, evidentiary weight, and satisfaction of a correctly framed burden of proof." Conteh, 461 F.3d at 63; see Larngar v. Holder, 562 F.3d 71, 79 (1st Cir. 2009) ("Under

without applying some law to some facts, [Ramadan's] understanding of § 1252(a)(2)(D) vitiates all clauses in the statute . . . .").

Conteh, the question of whether a party has established prima facie eligibility for relief under the CAT could be characterized as, at bottom . . . a question about whether a party has satisfied a 'correctly framed burden of proof.'" (citing Conteh, 461 F.3d at 63)).

Fabian does not claim that the agency used an incorrect legal standard in assessing his claim for withholding of removal. Rather, he is challenging the factual determination that the evidence was insufficient to satisfy his burden to show that he suffered past persecution and that, even if he had met this burden, he had not shown that any past persecution or probability of future persecution was on account of a protected ground. See Rashad, 554 F.3d at 5-6 (describing the petitioner's burden for withholding of removal). Specifically, Fabian is challenging the factual determination by the agency that the threats he received did not rise to the level of persecution, which we lack jurisdiction to review. See Conteh, 461 F.3d at 63; see also Morales-Morales v. Sessions, 857 F.3d 130, 134 (1st Cir. 2017) ("We treat the rulings below that [the petitioner] has not met his burden of demonstrating past persecution as factual determinations subject only to the highly deferential substantial evidence standard." (internal quotation marks and alterations omitted)); Larngar, 562 F.3d at 76 ("[T]he REAL ID Act's legislative history, in distinguishing factual questions from legal ones, categorizes as factual those

- 10 -

questions that courts would review under the substantial evidence standard." (internal quotation marks omitted)); Lumataw v. Holder, 582 F.3d 78, 92 (1st Cir. 2009) (reviewing whether the petitioner had satisfied his burden for withholding of removal under the "substantial evidence" standard).

"The presence vel non of either a constitutional or legal question is a matter of substance, not a function of labeling." Ayeni, 617 F.3d at 70-71. "For jurisdiction to attach, the claim of constitutional or legal error must at least be colorable," id. at 71, which these claims are not.

Fabian also attempts to avoid the jurisdictional bar by arguing that the agency failed to give "reasoned consideration" to whether Fabian was more likely than not to face future persecution. This argument misapprehends both our law and the agency decision. The agency gave reasoned consideration to Fabian's application using the correct legal standard, and determined that he had not met his burden to show that any past persecution or probability of future persecution (if any) would be on account of a protected ground.

Contrary to Fabian's argument, this case is unlike Un v. Gonzales, 415 F.3d 205 (1st Cir. 2005), where the IJ and the BIA "failed to address one of the two avenues open to an applicant for proving entitlement to withholding of removal, i.e., whether he had suffered past persecution on account of one of five proscribed

grounds." Id. at 208. Nor is this case like Enwonwu v. Gonzales, 438 F.3d 22 (1st Cir. 2006), where the BIA failed to address the IJ's second ground for its decision when reversing the IJ's grant of relief under the CAT. Id. at 35. Fabian's argument is nothing more than a challenge to the agency's determination that he did not present sufficient evidence to meet his burden for withholding of removal, which we lack jurisdiction to review.

B. Fabian Failed to Exhaust His Particular Social Group Argument

Fabian's argument to this court that the IJ committed legal error by rejecting Fabian's formulation of a particular social group fares no better, as Fabian has not exhausted his administrative remedies. See Ouk v. Gonzales, 464 F.3d 108, 111 (1st Cir. 2006). We lack jurisdiction to consider an alternative description of a particular social group raised for the first time on petition for review. Perez-Rabanales v. Sessions, 881 F.3d 61, 67 n.1 (1st Cir. 2018).

Before the IJ and the BIA, Fabian did not claim that he was part of a particular social group of "persons who oppose gang membership and face continuous threatening behavior after resisting recruitment, even after informing the police and seeking their assistance and protection." He only claimed that he was targeted "[b]ecause they asked [him] to join the gang, and [he] refused." "[C]ourts have historically loosened the reins for pro se parties," Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce,

- 12 -

20 F.3d 503, 506 (1st Cir. 1994), but pro se litigants are not exempt from exhaustion requirements, see, e.g., Foster v. I.N.S., 376 F.3d 75, 77-78 (2d Cir. 2004).

The petition for review is dismissed.