NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONSTANCIO GARCIA-SANTIAGO, | No.   20-73232 |
| Petitioner, | Agency No. A206-262-813 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023**
Las Vegas, Nevada

Before:  GRABER, CLIFTON, and BENNETT, Circuit Judges.

Petitioner Constancio Garcia-Santiago,[1] a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] In keeping with the Petitioner's brief, we refer to him by the first of his family names. *See Santos v. Thomas*, 830 F.3d 987, 990 n.1 (9th Cir. 2016).

appeal of the denial of a motion to reopen his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

"We review the denial of a motion to reopen for abuse of discretion." *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). "We review the BIA's determination of legal questions de novo and factual findings for substantial evidence." *Id.* "Where, as here, the BIA adopts the immigration judge's ["IJ"] decision and also adds its own reasons, we review both decisions." *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005).

Here, the BIA did not abuse its discretion. The BIA properly concluded that Garcia had not established that former counsel had been ineffective in failing to advise him of the deadline to appeal the IJ's decision denying his application for cancellation of removal.

When a noncitizen alien "is prevented from filing an appeal in an immigration proceeding due to counsel's error, . . . the proceedings are subject to a presumption of prejudice, and we will find that a petitioner has been denied due process if he can demonstrate plausible grounds for relief on his underlying claim." *Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006) (quotations and citations omitted).

Assuming *arguendo* that Garcia's former counsel failed to inform him of the need to file his appeal of the IJ's decision within 30 days,[2] this failure would be presumptively prejudicial if Garcia were able to make a plausible showing that he was eligible for cancellation. In his case, the IJ denied his application for cancellation on the sole ground that he was statutorily ineligible for cancellation as a "habitual drunkard." To be eligible for cancellation, an applicant must prove in part that he "has been a person of good moral character during [the preceding ten-year] period." 8 U.S.C. § 1229b(b)(1)(B); *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1162 (9th Cir. 2009). Someone who "is, or was" a "habitual drunkard" during that time is statutorily excluded from that category. 8 U.S.C. § 1101(f)(1). "The ordinary meaning of 'habitual drunkard' is a person who regularly drinks alcoholic beverages to excess." *Ledezma-Cosino v. Sessions*, 857 F.3d 1042, 1046 (9th Cir. 2017) (en banc).

The only argument Garcia raises that is properly before this court is that his alcohol consumption during the relevant period is insufficient to meet that definition.[3] He does not contest the basis for the IJ's finding, however, and he

---

[2] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[3] Mr. Garcia's other arguments were either not exhausted before the BIA or not properly presented in his petition for review. *See Abebe v. Mukasey*, 554 F.3d

offers nothing to counter the persuasive evidence on which the BIA and IJ relied: three criminal convictions for alcohol-related incidents, and his own, uncontested testimony regarding his regular, heavy alcohol use during at least some of the relevant years. Because he satisfies the legal definition of a habitual drunkard, he is unable to "demonstrate 'plausible grounds for relief' on his underlying claim." *Ray*, 439 F.3d at 587 (citation omitted). In other words, his counsel's deficient performance, even if assumed, would not have affected the relevant "habitual drunkard" finding. Accordingly, Garcia cannot succeed on his claim of ineffective assistance of counsel, and the BIA did not abuse its discretion in dismissing his appeal of the denied motion to reopen.

**PETITION DENIED.**

---

1203, 1208 (9th Cir. 2009) (en banc) ("Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA."); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (8 U.S.C. § 1252(d)(1) "bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below."); *see also Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not discussed in brief are deemed waived).